AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| John DeGroote Services LLC and John DeGroote | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 11-CV-00959-GBL-TRJ |
| | ) | |
| F. Edwin Harbach, et al. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Eastern District of Virginia ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: UBS Securities, LLC, c/o Corporation Service Company, 80 State Street, Albany, New York 12207-2543

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment A hereto.

| Place: McKool Smith, P.C., One Bryant Park, 47th Floor, New York, New York 10036 | Date and Time: 10/28/2011 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 10/13/11

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* John DeGroote Services LLC and John DeGroote , who issues or requests this subpoena, are:

Andrew J. Terrell, Esq., Whiteford, Taylor & Preston L.L.P., 3190 Fairview Park Drive, Suite 300, Falls Church, Virginia 22042; Telephone: (703) 280-9260; Email: aterrell@wtplaw.com

R.D. WELLS ATTORNEY SERVICES                                         INDEX NO: 11-CV-00959-GBL-TRJ

## AFFIDAVIT OF SERVICE

SOUTHERN DISTRICT OF NEW YORK                              COURT UNITED STATES DISTRICT

---

**JOHN DeGROOTE SERVICES LLC and JOHN DeGROOTE,**

**F. EDWIN HARBACH, et al,**

---

STATE OF NEW YORK, County of **ALBANY**      Robert Wells  Being sworn, says: that deponent is not a party to this action, is over 18 years of age and resides at ALBANY
That on  **10/14/2011**  at   **11:30a** at  **80 State St Albany NY**

Deponent served the within **Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action**
     On  **UBS SECURITIES LLC by serving Corporation Service Company**

**INDIVIDUAL**  by delivering a true copy of each to said recipient personally: deponent knew the person so served to be the person described as said recipient therein.

**CORPORARTION**  a domestic corporation, by delivering thereat a true copy of each to  **Cathy Jewell**  personally, deponent knew said corporation so served to be the corporation described in said summons as said recipient and knew said individual to be **Receiver of Process** thereof - authorized agent.

**SUITABLE AGE PERSON**  by delivering thereat a true copy of each to  a person of suitable age and discretion.  Said premises is recipient's actual place of business  dwelling house (usual place of abode) within the state.

**AFFIXXING TO DOOR, ETC.**  affixing a true copy of each to the door of said premises, which is recipient's actual place of business dwelling house (usual place of abode) within the state.  Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, thereat, having called there.

**MAILING USE WITH**  Deponent talked to  at said premises who stated that recipient _____lived _____worked there.  Deponent also enclosed a copy of same in a postpaid sealed wrapper properly addressed to recipient at recipient's last known residence, at  marked Personal & Confidential and deposited said wrapper in - a post office - official depository under exclusive care and custody of the United States Postal Services within New York State. _____The mailing was made by certified mail (Receipt No: _ ) within one day after such delivering to such suitable person or such affixing _____ and with return receipt requested.

**DESCRIPTION**
**OF RECIPIENT**     Sex:  Female          Skin Color: White          Hair: Brown/Grey          Age: 55
                          Ht: 5'2    Wt: 125          Other: Glasses

**WITNESS FEE**  the authorized traveling expenses and one days' witness fees:  was paid to the recipient.

**MILITARY SERVICE**  I asked the person spoken to whether recipient/defendant was an active military service of the United State of the State of New York in any capacity whatever and received a negative reply.  Recipient/defendant wore ordinary civilian clothes and no military uniform.  The source of my information and the grounds of my belief are the conversations and observations above narrated.  Upon information and belief I aver that the recipient/defendant is not in the military service of New York State or the United States as that term is defined in either the State or in the Federal statues.

_____
Robert Wells

R.D. Wells Attorney Services
P. O. Box 3931
Albany, N.Y., 12203

Sworn to before me on the     October 14, 2011

_____
Notary Public
ROSEMARY LANNI
Notary Public, State of New York
Qualified in Albany County
Reg No 4904277
Commission Expires Nov 2, ____

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A TO SUBPOENA TO
## UBS SECURITIES, LLC

### Instructions

1.  Unless otherwise specified, these requests cover the period from January 1, 2007 to and including the date of these requests. All responsive documents prepared during that time period, or which refer or relate to that time period, are to be produced.

2.  This request shall be deemed continuing so as to require that modified or supplemental production or responses be provided if you obtain information pertinent thereto between the time you receive this Subpoena and the time the above-captioned action is concluded.

3.  In producing documents, provide all documents and things known or available to you, whether such documents or things are within the direct possession, custody, or control of you, or any present or former partners, members, employees, agents, officers, directors, representatives, contractors, consultants, experts or attorneys.

4.  In interpreting these requests, definitions, and instructions: any masculine, feminine, or neuter term includes all other genders; the singular includes the plural and the plural includes the singular; the use of a verb in any tense shall be construed as the use of the verb in all other tenses; and "or," "and," "and/or," and "including" shall be read inclusively rather than exclusively.

5.  All documents shall be produced in the booklet, binder, file, folder, envelope, or other container in which the documents are kept or maintained. If for any reason the container cannot be produced, please produce copies of all labels or other identifying markings. Documents attached to each other should not be separated. Any documents that are electronically stored information, electronic documents or computer files shall be produced in

1

their native format along with the identity of any computer program or application necessary to access such electronically stored information, electronic document or computer file, unless otherwise agreed.

6. If a document once existed, but has been lost, destroyed, erased or otherwise is no longer in your possession, identify the document and state the details concerning the loss or destruction of such document, including the name and address of the present custodian of any such document known to you, the date of destruction, the manner of destruction, the reason for destruction, the person authorizing destruction, the person destroying the document, and the custodian of the document on the date and at the time of destruction.

7. In the event any document is withheld on a claim of attorney/client privilege or work product, provide a detailed privilege log that describes the nature and basis for the claim of privilege and the subject matter of the document withheld, in a manner sufficient to disclose facts upon which you rely in asserting your claim, and to permit the grounds and reasons for withholding the document to be identified. Such description should, at a minimum:

    a. state the date of the document;

    b. identify each and every author of the document;

    c. identify each and every person who prepared or participated in the preparation of the document;

    d. identify each and every person who received the document;

    e. describe the type of document (e.g., letter or memorandum);

    f. describe the subject and purpose of the document; and

    g. provide sufficient further information concerning the document and circumstances thereof to explain the claim of privilege or immunity and permit the adjudication of the propriety of that claim.

## Definitions

For purposes of this Subpoena, the following words shall have the following meanings:

1. The term "Allred" shall mean and refer to Defendant Douglas C. Allred, as well as his agents, attorneys and representatives.

2. The term "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

3. The term "BearingPoint" shall mean and refer to BearingPoint, Inc., and include any of its officers, directors, employees, representatives, agents, servants, consultants, and attorneys, or anyone acting on its behalf, as well as its parents, subsidiaries, affiliates, predecessors, successors and assigns, including any officers, directors, employees, representatives, agents, servants, consultants, and attorneys, or anyone acting on their behalf.

4. The term "Bernard" shall mean and refer to Defendant Betsy J. Bernard, as well as her agents, attorneys and representatives.

5. The term "Board" shall mean and refer to Defendants Harbach, Lord, McGeary, Strange, Allred, Bernard, Fleischer, Kanin-Lovers and Munson, collectively, as well as its agents, attorneys and representatives.

6. The term "Cerberus" shall mean and refer to Cerberus Capital Management, L.P., its affiliates, subsidiaries, predecessors and successors, as well as their agents, attorneys and representatives.

7. The term "communication" shall mean and be deemed to refer to any written or oral communication or exchange, including, but not limited to, telephone conversations,

conversations in meetings, letters, memoranda, notes, e-mails, facsimiles, telegraphic and telex communications.

8. The term "Cravath" shall mean and refer to Cravath, Swaine & Moore LLP, its affiliates, subsidiaries, predecessors and successors, as well as their agents, attorneys and representatives.

9. The term "Davis Polk" shall mean and refer to David Polk & Wardell LLP, its affiliates, subsidiaries, predecessors and successors, as well as their agents, attorneys and representatives.

10. The term "Defendants" shall mean and refer to Harbach, Lord, McGeary, Strange, Allred, Bernard, Fleischer, Kanin-Lovers and Munson, collectively.

11. The terms "document" or "documents" shall mean and be deemed to refer to, without limitation, the original and all copies and drafts of such documents:

    a. whether written, recorded, or graphic;

    b. however produced or reproduced;

    c. whether handwritten, electronic, typed, xerographically reproduced, photocopied, printed, duplicated or otherwise reproduced (including reproduction by magnetic impulses of a mechanical or electrical transcript); and

    d. whether such documents contain, reflect, record or evidence in whole or in part, any information (including, without limitation, any correspondence, communication, discussion, conclusion, report, modification, recordation or notation) arising out of or concerning the subject matter of each request (including, without limitation, all interim as well as final drafts, reports, pictures, drawings, sketches, diagrams, handwritten notes or other recorded material of any kind or nature);

including, but not limited to, letters, telegraphs, correspondence, electronic mail, electronic files, computer files, electronically stored information, reports, memoranda, agreements, contracts, contract modifications, memorials of telephone conversations, minutes, notes, interoffice and intraoffice communications, work papers, checks, drafts, statements, telexes, audio or video recordings, or other written material of any nature whatsoever.

12. The term "Fleischer" shall mean and refer to Defendant Spencer C. Fleischer, as well as his agents, attorneys and representatives.

13. The term "Greenhill" shall mean and refer to Greenhill & Co., Inc., its affiliates, subsidiaries, predecessors and successors, as well as their agents, attorneys and representatives.

14. The term "Harbach" shall mean and refer to Defendant F. Edwin Harbach, as well as his agents, attorneys and representatives.

15. The term "Huron" shall mean and refer to Huron Consulting Services LLC, its affiliates, subsidiaries, predecessors and successors, as well as their agents, attorneys and representatives.

16. The term "Kanin-Lovers" shall mean and refer to Defendant Jill Kanin-Lovers, as well as her agents, attorneys and representatives.

17. The term "Lord" shall mean and refer to Defendant Albert L. Lord, as well as his agents, attorneys and representatives.

18. The term "McGeary" shall mean and refer to Defendant Roderick C. McGeary, as well as his agents, attorneys and representatives.

19. The term "Morgan Stanley" shall mean and refer to Morgan Stanley & Co., Inc., its affiliates, subsidiaries, predecessors and successors, as well as their agents, attorneys and representatives.

20. The term "Munson" shall mean and refer to Defendant Edward Munson, as well as his agents, attorneys and representatives.

21. The terms "Person" or "Persons" shall mean and refer to any and all individuals and entities whatsoever, including, without limitation, individuals, associations, firms, companies, partnerships, joint ventures, corporations, subsidiaries, trusts, estates, departments, divisions, affiliates, groups, bureaus, public agencies or boards, as well as any and all predecessors and/or successors-in-interest.

22. The term "Plaintiff" shall mean and refer to Plaintiffs John DeGroote Services, LLC and John DeGroote, collectively.

23. The terms "referring" or "relating" shall mean reflecting, containing, pertaining, indicating, showing, concerning, constituting, comprising, evidencing, recording, memorializing, describing, evaluating, considering, reviewing, reporting, demonstrating, discussing or mentioning.

24. The term "relationship" shall mean and refer to:
    a. a business relationship;
    b. a business affiliation; or
    c. a course of dealings.

25. The term "Silver Lake" shall mean and refer to Silver Lake Partners, its affiliates, subsidiaries, predecessors and successors, as well as their agents, attorneys and representatives.

26. The term "Strange" shall mean and refer to Defendant J. Terry Strange, as well as his agents, attorneys and representatives.

27. The term "Transaction" shall mean any actual or potential sale and/or acquisition of any or all assets or equity interests in BearingPoint or its business units, including but not limited to, any potential merger, during 2007 and/or 2008, and any debt for equity swap.

28. The term "UBS" shall mean and refer to UBS Securities LLC, its affiliates, subsidiaries, predecessors and successors, as well as their agents, attorneys and representatives.

29. The terms "you," "your," and "yours" shall mean and refer to the person to whom this subpoena is addressed, as well as any employees, agents, attorneys and representatives, and if not a natural person, additionally, all subsidiaries, divisions, parents, related, controlled or affiliated entities, merged or acquired predecessors, successors, and present and former directors, officers, agents and employees thereof.

## Requests

**REQUEST NO. 1:** All documents and communications referring or relating to a Transaction.

**REQUEST NO. 2:** All documents and communications evidencing, referring or relating to any advice or recommendations made by UBS to BearingPoint and/or the Board, whether to individual members or collectively, with respect to a Transaction.

**REQUEST NO. 3:** All documents and communications evidencing, referring or relating to any advice provided by UBS to BearingPoint and/or the Board, whether to individual members or collectively.

**REQUEST NO. 4:** All documents and communications evidencing, referring or relating to UBS's retention by BearingPoint in 2007 and 2008, and any expansion of services provided during that time.

**REQUEST NO. 5:** All documents and communications evidencing, referring or relating to UBS's experience in advising and/or assisting in the sale of a professional service company prior to UBS's engagement by BearingPoint.

**REQUEST NO. 6:** All documents and communications referring or relating to UBS's analysis of BearingPoint's business operations, finances and/or forecasts.

**REQUEST NO. 7:** All documents and communications referring or relating to the Defendants' decisions, directives and/or strategies relating to any and all Transactions and/or continued operation of BearingPoint.

**REQUEST NO. 8:** All documents and communications evidencing, referring or relating to UBS's analysis of any Transaction offers.

**REQUEST NO. 9:** All documents and communications between UBS and any member of Davis Polk, Cravath or any other officer or employee of BearingPoint (including, but not limited to Harry You, Laurent C. Lutz, Eileen A. Kamerick and Judy A. Ethell) that relate in any way to BearingPoint.

**REQUEST NO. 10:** Any and all other documents referring or relating to BearingPoint.

*1973893*