AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| John DeGroote Services LLC and John DeGroote | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 11-CV-00959-GBL-TRJ |
| F. Edwin Harbach, et al. | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) Eastern District of Virginia           ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Morgan Stanley & Co., Inc., c/o CT Corporation System, 111 Eighth Avenue, New York, New York 10011

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:    See Attachment A hereto.

| Place: McKool Smith, P.C., One Bryant Park, 47th Floor, New York, New York 10036 | Date and Time: 11/11/2011 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

       The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    10/24/2011

                    *CLERK OF COURT*
                                                              OR    _____/s/ Kathy Paley with permission_____
         _____                                 *Attorney's signature*
         *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   John DeGroote Services LLC and John DeGroote_____, who issues or requests this subpoena, are:

Andrew J. Terrell, Esq., Whiteford, Taylor & Preston L.L.P., 3190 Fairview Park Drive, Suite 300, Falls Church, Virginia 22042; Telephone: (703) 280-9260; Email: aterrell@wtplaw.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  11-CV-00959-GBL-TRJ

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

 ❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

 ❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

            _____
                *Server's signature*

            _____
                *Printed name and title*

            _____
                *Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A TO SUBPOENA TO
## MORGAN STANLEY & CO., INC.

### Instructions

1. Unless otherwise specified, these requests cover the period from January 1, 2006 to and including the date of these requests. All responsive documents prepared during that time period, or which refer or relate to that time period, are to be produced.

2. This request shall be deemed continuing so as to require that modified or supplemental production or responses be provided if you obtain information pertinent thereto between the time you receive this Subpoena and the time the above-captioned action is concluded.

3. In producing documents, provide all documents and things known or available to you, whether such documents or things are within the direct possession, custody, or control of you, or any present or former partners, members, employees, agents, officers, directors, representatives, contractors, consultants, experts or attorneys.

4. In interpreting these requests, definitions, and instructions: any masculine, feminine, or neuter term includes all other genders; the singular includes the plural and the plural includes the singular; the use of a verb in any tense shall be construed as the use of the verb in all other tenses; and "or," "and," "and/or," and "including" shall be read inclusively rather than exclusively.

5. All documents shall be produced in the booklet, binder, file, folder, envelope, or other container in which the documents are kept or maintained. If for any reason the container cannot be produced, please produce copies of all labels or other identifying markings. Documents attached to each other should not be separated. Any documents that are electronically stored information, electronic documents or computer files shall be produced in

1

their native format along with the identity of any computer program or application necessary to access such electronically stored information, electronic document or computer file, unless otherwise agreed.

6. If a document once existed, but has been lost, destroyed, erased or otherwise is no longer in your possession, identify the document and state the details concerning the loss or destruction of such document, including the name and address of the present custodian of any such document known to you, the date of destruction, the manner of destruction, the reason for destruction, the person authorizing destruction, the person destroying the document, and the custodian of the document on the date and at the time of destruction.

7. In the event any document is withheld on a claim of attorney/client privilege or work product, provide a detailed privilege log that describes the nature and basis for the claim of privilege and the subject matter of the document withheld, in a manner sufficient to disclose facts upon which you rely in asserting your claim, and to permit the grounds and reasons for withholding the document to be identified. Such description should, at a minimum:

    a. state the date of the document;

    b. identify each and every author of the document;

    c. identify each and every person who prepared or participated in the preparation of the document;

    d. identify each and every person who received the document;

    e. describe the type of document (e.g., letter or memorandum);

    f. describe the subject and purpose of the document; and

    g. provide sufficient further information concerning the document and circumstances thereof to explain the claim of privilege or immunity and permit the adjudication of the propriety of that claim.

## Definitions

For purposes of this Subpoena, the following words shall have the following meanings:

1. The term "Allred" shall mean and refer to Defendant Douglas C. Allred, as well as his agents, attorneys and representatives.

2. The term "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

3. The term "BearingPoint" shall mean and refer to BearingPoint, Inc., and include any of its officers, directors, employees, representatives, agents, servants, consultants, and attorneys, or anyone acting on its behalf, as well as its parents, subsidiaries, affiliates, predecessors, successors and assigns, including any officers, directors, employees, representatives, agents, servants, consultants, and attorneys, or anyone acting on their behalf.

4. The term "Bernard" shall mean and refer to Defendant Betsy J. Bernard, as well as her agents, attorneys and representatives.

5. The term "Board" shall mean and refer to Defendants Harbach, Lord, McGeary, Strange, Allred, Bernard, Fleischer, Kanin-Lovers and Munson, collectively, as well as its agents, attorneys and representatives.

6. The term "Cerberus" shall mean and refer to Cerberus Capital Management, L.P., its affiliates, subsidiaries, predecessors and successors, as well as their agents, attorneys and representatives.

7. The term "communication" shall mean and be deemed to refer to any written or oral communication or exchange, including, but not limited to, telephone conversations,

conversations in meetings, letters, memoranda, notes, e-mails, facsimiles, telegraphic and telex communications.

8. The term "Cravath" shall mean and refer to Cravath, Swaine & Moore LLP, its affiliates, subsidiaries, predecessors and successors, as well as their agents, attorneys and representatives.

9. The term "Davis Polk" shall mean and refer to Davis Polk & Wardell LLP, its affiliates, subsidiaries, predecessors and successors, as well as their agents, attorneys and representatives.

10. The term "Defendants" shall mean and refer to Harbach, Lord, McGeary, Strange, Allred, Bernard, Fleischer, Kanin-Lovers and Munson, collectively.

11. The terms "document" or "documents" shall mean and be deemed to refer to, without limitation, the original and all copies and drafts of such documents:

    a. whether written, recorded, or graphic;

    b. however produced or reproduced;

    c. whether handwritten, electronic, typed, xerographically reproduced, photocopied, printed, duplicated or otherwise reproduced (including reproduction by magnetic impulses of a mechanical or electrical transcript); and

    d. whether such documents contain, reflect, record or evidence in whole or in part, any information (including, without limitation, any correspondence, communication, discussion, conclusion, report, modification, recordation or notation) arising out of or concerning the subject matter of each request (including, without limitation, all interim as well as final drafts, reports, pictures, drawings, sketches, diagrams, handwritten notes or other recorded material of any kind or nature);

including, but not limited to, letters, telegraphs, correspondence, electronic mail, electronic files, computer files, electronically stored information, reports, memoranda, agreements, contracts, contract modifications, memorials of telephone conversations, minutes, notes, interoffice and intraoffice communications, work papers, checks, drafts, statements, telexes, audio or video recordings, or other written material of any nature whatsoever.

12. The term "Fleischer" shall mean and refer to Defendant Spencer C. Fleischer, as well as his agents, attorneys and representatives.

13. The term "Greenhill" shall mean and refer to Greenhill & Co., Inc., its affiliates, subsidiaries, predecessors and successors, as well as their agents, attorneys and representatives.

14. The term "Harbach" shall mean and refer to Defendant F. Edwin Harbach, as well as his agents, attorneys and representatives.

15. The term "Huron" shall mean and refer to Huron Consulting Services LLC, its affiliates, subsidiaries, predecessors and successors, as well as their agents, attorneys and representatives.

16. The term "Kanin-Lovers" shall mean and refer to Defendant Jill Kanin-Lovers, as well as her agents, attorneys and representatives.

17. The term "Lord" shall mean and refer to Defendant Albert L. Lord, as well as his agents, attorneys and representatives.

18. The term "McGeary" shall mean and refer to Defendant Roderick C. McGeary, as well as his agents, attorneys and representatives.

19. The term "Morgan Stanley" shall mean and refer to Morgan Stanley & Co., Inc., its affiliates, subsidiaries, predecessors and successors, as well as their agents, attorneys and representatives.

20. The term "Munson" shall mean and refer to Defendant Edward Munson, as well as his agents, attorneys and representatives.

21. The terms "Person" or "Persons" shall mean and refer to any and all individuals and entities whatsoever, including, without limitation, individuals, associations, firms, companies, partnerships, joint ventures, corporations, subsidiaries, trusts, estates, departments, divisions, affiliates, groups, bureaus, public agencies or boards, as well as any and all predecessors and/or successors-in-interest.

22. The term "Plaintiff" shall mean and refer to Plaintiffs John DeGroote Services, LLC and John DeGroote, collectively.

23. The terms "referring" or "relating" shall mean reflecting, containing, pertaining, indicating, showing, concerning, constituting, comprising, evidencing, recording, memorializing, describing, evaluating, considering, reviewing, reporting, demonstrating, discussing or mentioning.

24. The term "relationship" shall mean and refer to:
    a. a business relationship;
    b. a business affiliation; or
    c. a course of dealings.

25. The term "Silver Lake" shall mean and refer to Silver Lake Partners, its affiliates, subsidiaries, predecessors and successors, as well as their agents, attorneys and representatives.

26. The term "Strange" shall mean and refer to Defendant J. Terry Strange, as well as his agents, attorneys and representatives.

27. The term "Transaction" shall mean any actual or potential sale and/or acquisition of any or all assets or equity interests in BearingPoint or its business units, including but not limited to, any potential merger, during 2007 and/or 2008, and any debt for equity swap.

28. The term "UBS" shall mean and refer to UBS Securities LLC, its affiliates, subsidiaries, predecessors and successors, as well as their agents, attorneys and representatives.

29. The terms "you," "your," and "yours" shall mean and refer to the person to whom this subpoena is addressed, as well as any employees, agents, attorneys and representatives, and if not a natural person, additionally, all subsidiaries, divisions, parents, related, controlled or affiliated entities, merged or acquired predecessors, successors, and present and former directors, officers, agents and employees thereof.

### Requests

**REQUEST NO. 1:** All documents and communications referring or relating to BearingPoint.

**REQUEST NO. 2:** All documents and communications evidencing, referring or relating to any advice or recommendations made by Morgan Stanley to BearingPoint and/or the Board, whether to individual members or collectively.

**REQUEST NO. 3:** All documents and communications evidencing, referring or relating to Morgan Stanley's retention by BearingPoint in 2006, 2007 and 2008, and any expansion of services provided during that time.

**REQUEST NO. 4:** All documents and communications evidencing, referring or relating to Morgan Stanley's experience in advising and/or assisting in the sale of a professional

service company prior to Morgan Stanley's engagement by BearingPoint to advise with respect to a Transaction.

**REQUEST NO. 5:** All documents and communications referring or relating to Morgan Stanley's analysis of BearingPoint's business operations, finances and/or forecasts.

**REQUEST NO. 6:** All documents and communications referring or relating to the Defendants' decisions, directives and/or strategies relating to any and all Transactions and/or continued operation of BearingPoint.

**REQUEST NO. 7:** All documents and communications evidencing, referring or relating to Morgan Stanley's analysis of any Transaction offers.

**REQUEST NO. 8:** All documents and communications between Morgan Stanley and any member of Davis Polk, Cravath or any other director, officer or employee of BearingPoint (including, but not limited to Harry You, Laurent C. Lutz, Eileen A. Kamerick and Judy A. Ethell) that relate in any way to BearingPoint.

**REQUEST NO. 9:** All documents and correspondence between Morgan Stanley personnel discussing or commenting on a Transaction, Harbach, the Board, or any member thereof.

*1973895*